Christin K. Cho (Cal. Bar No. 238173)
christin@dovel.com
Simon C. Franzini (Cal. Bar No. 287631)
simon@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Counsel for Plaintiff and Proposed Class*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL TAFOLLA, <br><br> Individually and on Behalf of All Others Similarly Situated, <br><br><div align="right">*Plaintiff*,</div><br> v. <br><br> AM RETAIL GROUP, INC. <br><br><div align="right">*Defendant*.</div> | Case No. **'23CV0419 BEN KSC** <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Case No.

## Table of Contents

I.     Introduction................................................................................1

II.    Parties.....................................................................................4

III.   Jurisdiction and Venue. ................................................................4

IV.    Facts. .....................................................................................4

    A.     Defendant's fake sales and discounts................................................4

    B.     Defendant's advertisements violate California law. ...............................8

    C.     Defendant's advertisements harm consumers.......................................9

    D.     Plaintiff was misled by Defendant's misrepresentations. .........................10

    E.     Defendant breached its contract. ....................................................11

    F.     No adequate remedy at law. .........................................................11

V.     Class Action Allegations. ..............................................................12

VI.    Claims. ...................................................................................13

    First Cause of Action: Violation of California's False Advertising Law, Bus. & Prof. Code §§ 17501 et. seq. ...............................................13

    Second Cause of Action: Violation of California's False Advertising Law, Bus. & Prof. Code §§ 17500 et. seq. ..............................................14

    Third Cause of Action: Violation of California's Consumer Legal Remedies Act ...................................................................................15

    Fourth Cause of Action: Violation of California's Unfair Competition Law .........18

    Fifth Cause of Action: Breach of Contract .............................................19

    Sixth Cause of Action: Breach of Express Warranty ..................................20

    Seventh Cause of Action: Breach of Implied Warranty................................21

    Eighth Cause of Action: Quasi-Contract/Unjust Enrichment .......................22

    Ninth Cause of Action: Negligent Misrepresentation .................................22

    Tenth Cause of Action: Intentional Misrepresentation ...............................23

VII.   Jury Trial Demand.......................................................................24

VIII.  Relief.....................................................................................24

i

Case No.

## I.    Introduction.

1.     Advertised "sale" prices are important to consumers.  Consumers are more likely to purchase an item if they know that they are getting a good deal.  Further, if consumers think that a sale will end soon, they are likely to buy now, rather than wait, comparison shop, and buy something else.

2.     While there is nothing wrong with a legitimate sale, a fake one—that is, one with made-up regular prices, made-up discounts, and made-up expirations—is deceptive and illegal.

3.     As the Federal Trade Commission advises in its *Guides Against Deceptive Pricing*, it is deceptive to make up "an artificial, inflated price … for the purpose of enabling the subsequent offer of a large reduction" off that price.  16 C.F.R. § 233.1.

4.     So, fake sales violate California's general prohibition on unfair and deceptive business practices.  *See* Cal. Bus. & Prof. Code § 17200.

5.     Moreover, California's False Advertising Law specifically prohibits "false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions."  *E.g.,* Cal. Civ. Code § 1770(a)(13).

6.     Likewise, California's Consumer Legal Remedies Act provides that "No price shall be advertised as a former price … unless the alleged former price was the prevailing market price … within three months next immediately preceding" the advertising.  Cal. Bus. & Prof. Code §17501.

7.     Defendant AM Retail Group, Inc. ("AMRG," or "Defendant") makes, sells, and markets clothing and accessories (the "Wilsons Leather Products" or "Products").  The Products are sold online through Defendant's website, WilsonsLeather.com.

8.     Defendant's website prominently advertises sales.  These advertisements include purported regular prices, purported discounts, and purported end dates for the sales.

1

Case No.

Defendant's sales on WilsonsLeather.com, with dates listing when the sales end:



2

Case No.

Purported regular prices, and associated discounts:



9.    But these advertisements are false.  The sales are not limited in time, and the discounts continue to be available.

10.    Mr. Tafolla bought a Wilsons Leather jacket from AMRG on WilsonsLeather.com.  Like AMRG's other customers, when Mr. Tafolla bought the Product, AMRG advertised that a purported sale was going on.  Mr. Tafolla believed that the Wilsons Leather Product that he purchased retailed for the displayed regular price. He further believed that he was getting a substantial discount from the regular price, and that the sale would end soon.  These reasonable beliefs are what caused him to buy from Defendant.  If the Product he purchased wasn't on sale, he would not have bought it.

11.    But none of that was true.  Defendant's published regular prices were not the prevailing regular prices.  Had Defendant been truthful, Plaintiff and other consumers would not have purchased the Products or would have paid less for them.

3

Case No.

12.     Plaintiff brings this case for himself and the other customers who purchased AMRG's Wilsons Leather Products.

## II.   Parties.

13.     Plaintiff Daniel Tafolla is domiciled in Oceanside, California.

14.     The proposed class includes citizens of every state.

15.     Defendant AM Retail Group, Inc. is a Delaware corporation with its principal place of business at 7225 Northland Drive North, Suite 310, Brooklyn Park, Minnesota 55428.

## III.   Jurisdiction and Venue.

16.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from Defendant.

17.     The Court has personal jurisdiction over Defendant because Defendant sold Wilsons Leather Products to consumers in California, including to Plaintiff.

18.     Venue is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(d) because Defendant would be subject to personal jurisdiction in this District if this District were a separate state, given that Defendant sold Wilsons Leather Products to consumers in this District, including Plaintiff.  Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of Defendant's conduct giving rise to the claims occurred in this District, including Defendant's sale to Plaintiff.

## IV.   Facts.

### A.   Defendant's fake sales and discounts.

19.     Defendant makes, sells, and markets clothing and accessories, such as jackets and bags.  AMRG sells its Products directly to consumers online, through its website, WilsonsLeather.com.

4

20.     Defendant's website creates an illusion that customers are receiving a limited-time discount.  AMRG does this by advertising fake limited-time sales, fake regular prices, and fake discounts based on the fake regular prices.  For example: Wilsons Leather's fake sale:



Captured May 16, 2022

21.     Wilsons Leather Products are always on sale, and these sales persist.  For example, AMRG has prominently displayed, for over a year, on its website, sales that are designed to induce consumers to purchase its Products under the mistaken belief they are getting a significant bargain.  For example:



Captured June 21, 2022

5

Case No.



Captured September 1, 2022

Captured November 2, 2022

22.     These discounts appear to be only for a limited time, but in reality, they are ongoing.  For example, as depicted on the following page, even after the "35% Off Sitewide" discount said to be "valid online thru 2/7/23 11:59 ET" expires, Defendant generates another similar discount, except with a "valid thru" date.

Case No.

Captured January 26, 2023



Captured February 8, 2023

Fake regular prices and fake discounts:

23.     Defendant's website lists fake regular prices (that is, prices reflecting the list price or value of an item) and fake discounts.

24.     For example, on January 25, 2022, Defendant advertised "an Extra 35% off Sitewide" for its Products.  On this day, Defendant offered its Leslie Cropped Moto Jacket, which has a purported regular price of $295.00:

7

Case No.





25.    But the truth is, the Leslie Cropped Moto Jacket's listed regular price of $295.00 is not its prevailing price.  Instead, it is always at a discount from the purported regular price of $295.00 (e.g., on January 25, 2023, it was on sale for $245.00, and after applying the "Extra 35% off Sitewide" offer, it was priced at $159.25; on February 21, 2023, it was again on sale for $245.00, and after applying the "35% Off Sitewide" offer, it was priced again at $159.25).

26.    By listing fake regular prices and fake discounts, Defendant misleads consumers into believing that they are getting a good deal.

**B.    Defendant's advertisements violate California law.**

27.    As the Federal Trade Commission states in its *Guides Against Deceptive Pricing*, "where an artificial, inflated price was established for the purpose of enabling

8

Case No.

the subsequent offer of a large reduction - the 'bargain' being advertised is a false one."
16 C.F.R. § 233.1.

28.     Advertising such false "bargains" is false, misleading, and unfair.
Accordingly, it violates California's Unfair Competition law, which bans "unlawful,
unfair or fraudulent" business acts and practices. *See* Cal. Bus. & Prof. Code § 17200.

29.     In addition, California's Consumer Legal Remedies Act, specifically
prohibits "[m]aking false or misleading statements of fact concerning reasons for,
existence of, or amounts of, price reductions." Cal. Civ. Code §1770(1)(13).
Defendant's advertisements make false statements regarding the reasons for the sale (e.g.,
advertising a seasonal "President's Day Sale," when in fact the sale is ongoing), the
existence of the sale, and the amounts of price reductions.

30.     Further, under California law, "No price shall be advertised as a former price
… unless the alleged former price was the prevailing market price … within three months
next immediately preceding." Cal. Bus. & Prof. Code §17501. As described in detail
above, Defendant advertises its Products using former prices that were not the prevailing
market prices within the preceding three months.

31.     So, not only are Defendant's business practices generally deceptive and
fraudulent and therefore banned—they are also specifically prohibited by statute.

**C.     Defendant's advertisements harm consumers.**

32.     Based on Defendant's advertisements, reasonable consumers would expect
that the listed regular prices are the prevailing prices at which Defendant actually sells its
Products.

33.     Reasonable consumers would also expect that, if they purchase during the
sale, they will receive the advertised discount from the regular purchase price.

34.     In addition, consumers are more likely to buy the product if they believe that
the product is on sale and that they are getting a substantial discount.

35.     Consumers that are presented with discounts are substantially more likely to
make the purchase. "Nearly two-thirds of consumers surveyed admitted that a promotion

9

Case No.

or a coupon often closes the deal, if they are wavering or are undecided on making a purchase."[1]  And, "two-thirds of consumers have made a purchase they weren't originally planning to make solely based on finding a coupon or discount," while "80% [of consumers] said they feel encouraged to make a first-time purchase with a brand that is new to them if they found an offer or discount."[2]

36.     Similarly, when consumers believe that an offer is expiring soon, the sense of urgency makes them more likely to buy a product.[3]

37.     Thus, Defendant's advertisements harm consumers by inducing them to make purchases based on false information.

**D.    Plaintiff was misled by Defendant's misrepresentations.**

38.     In November 2021, Mr. Tafolla purchased a Wilsons Leather jacket from Defendant.  He purchased the jacket from Defendant's website, WilsonsLeather.com, while living in Oceanside, California.  The website represented that he was receiving a substantial discount off of the regular price for the item that he ordered.

39.     Mr. Tafolla read and relied on the representations on the website that the Product had the published regular price, and that he was receiving the advertised discount as compared to the regular price.  He would not have made the purchase if he had known that the Product was not discounted as advertised, and that he was not receiving the advertised discount.

40.     Mr. Tafolla faces an imminent threat of future harm.  He likes the Wilsons Leather Products, and would purchase them again if he could feel sure that Defendant

---

[1] https://www.invespcro.com/blog/how-discounts-affect-online-consumer-buying-behavior/.
[2] RetailMeNot Survey: Deals and Promotional Offers Drive Incremental Purchases Online, Especially Among Millennial Buyers (prnewswire.com).
[3] https://cxl.com/blog/creating-urgency/ (addition of a countdown timer increased conversion rates from 3.4%-10%); Dynamic email content leads to 400% increase in conversions for Black Friday email | Adestra (uplandsoftware.com) (400% higher conversation rate for ad with countdown timer).

Case No.

would not illegally deceive him. But without an injunction, he cannot trust that Defendant will comply with the consumer protection statutes.

**E.      Defendant breached its contract.**

41.     When Mr. Tafolla purchased and paid for the Wilsons Leather Product he bought as described above, he accepted offers that Defendant made, and thus, a contract was formed at the time that he made the purchase. The offer was to provide a jacket having a particular listed regular price, and to provide the discount advertised on the website.

42.     Mr. Tafolla and AMRG entered a contract.

43.     The market value of the jacket Mr. Tafolla would receive, and the amount of the discount that he would be provided off the regular price of the item, were specific and material terms of the contract.

44.     Defendant breached its contracts by failing to provide Mr. Tafolla with a Product with a market value equal to the regular price displayed on its website, and by failing to provide the discount promised.

**F.      No adequate remedy at law.**

45.     Plaintiff seeks damages and, in the alternative, restitution. Plaintiff is permitted to seek equitable remedies in the alternative because he has no adequate remedy at law.

46.     A legal remedy is not adequate if it is not as certain as an equitable remedy. The elements of Plaintiff's equitable claims are different and do not require the same showings as Plaintiff's legal claims. For example, to obtain damages under the CLRA, a plaintiff must show that they complied with the CLRA's notice requirement for damages. No such requirements exist to obtain restitution. Because a plaintiff must make this additional showing to obtain damages, rather than restitution, the legal remedies are more uncertain. In addition, the remedies at law available to Plaintiff are not equally prompt or otherwise efficient. The need to schedule a jury trial may result in delay. And a jury trial will take longer, and be more expensive, than a bench trial.

Case No.

**V.      Class Action Allegations.**

47.      Plaintiff brings the asserted claims on behalf of the proposed class of:

- <u>Nationwide Class</u>: all persons who, within the applicable statute of limitations period, purchased one or more Wilsons Leather Products advertised at a discount on Defendant's website.

- <u>California Subclass</u>: all persons who, while in the state of California and within the applicable statute of limitations period, purchased one or more Wilsons Leather Products advertised at a discount on Defendant's website.

48.      The following people are excluded from the proposed class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

### *Numerosity & Ascertainability*

49.      The proposed class contains members so numerous that separate joinder of each member of the class is impractical.  There are tens or hundreds of thousands of class members.

50.      Class members can be identified through Defendant's sales records and public notice.

### *Predominance of Common Questions*

51.      There are questions of law and fact common to the proposed class. Common questions of law and fact include, without limitation:

(1) whether Defendant made false or misleading statements of fact in its advertisements;

Case No.

(2) whether Defendant violated California's consumer protection statutes;

(3) whether Defendant committed a breach of contract;

(4) whether Defendant committed a breach of an express or implied warranty;

(5) damages needed to reasonably compensate Plaintiff and the proposed class.

***Typicality & Adequacy***

52.    Plaintiff's claims are typical of the proposed class.  Like the proposed class, Plaintiff purchased the Wilsons Leather Products advertised at a discount on Defendant's website.  There are no conflicts of interest between Plaintiff and the class.

***Superiority***

53.    A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical.  It would be unduly burdensome to have individual litigation of millions of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

**VI.    Claims.**

<div align="center">

**First Cause of Action:**

**Violation of California's False Advertising Law, Bus. & Prof. Code §§ 17501 et. seq.**
**(By Plaintiff and the California Subclass)**

</div>

54.    Plaintiff incorporates each and every factual allegation set forth above.

55.    Plaintiff brings this cause of action on behalf of himself and members of the California Subclass.

56.    Defendant has violated Section 17501 of the Business and Professions Code.

57.    As alleged more fully above, Defendant advertises former prices on its website along with discounts.  Defendant does this, for example, by crossing out a higher price (e.g., ~~$295.00~~) and displaying it next to the "regular" price.  Defendant also does this by publishing a purported regular price (e.g., $295.00), and stating that a discount will be provided during the sale (e.g., "Take 30% OFF," or publishing a "Discount" with a specific discount amount).

<div align="center">13</div>

Case No.

58.     The former prices advertised by Defendant were not the prevailing market prices for the Products within three months preceding publication of the advertisement.

59.     Defendant's former price advertisements did not state clearly, exactly, and conspicuously when, if ever, the former prices prevailed.  Defendant's advertisements did not indicate whether or when the purported former prices were offered at all.

60.     Defendant violated, and continues to violate, Section 17501 to induce Plaintiff and the subclass to make purchases on its website based on the advertised former prices.

61.     Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on the statements when purchasing Defendant's Products.  Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision.

62.     In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Wilsons Leather Products.

63.     Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the subclass.

64.     Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Wilsons Leather Products if they had known the truth, and/or (b) they overpaid for the Products because the Wilsons Leather Products were sold at a price premium due to the misrepresentation.

**Second Cause of Action:**

**Violation of California's False Advertising Law, Bus. & Prof. Code §§ 17500 et. seq.**

**(By Plaintiff and the California Subclass)**

65.     Plaintiff incorporates each and every factual allegation set forth above.

66.     Plaintiff brings this cause of action on behalf of himself and members of the California Subclass.

67.     Defendant has violated Section 17500 of the Business and Professions Code.

14

Case No.

68.     As alleged more fully above, Defendant made and disseminated untrue and misleading statements of facts in its advertisements to subclass members.

69.     Defendant did this by advertising false regular prices and false discounts regarding its Products.

70.     Defendant's representations were likely to deceive, and did deceive, Plaintiff and reasonable consumers.  Defendant knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

71.     Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on the statements when purchasing Wilsons Leather Products.  Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision.

72.     In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Products.

73.     Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the subclass.

74.     Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Wilsons Leather Products if they had known the truth, and/or (b) they overpaid for the Products because the Wilsons Leather Products were sold at a price premium due to the misrepresentation.

### Third Cause of Action:

### Violation of California's Consumer Legal Remedies Act

### (By Plaintiff and the California Subclass)

75.     Plaintiff incorporates each and every factual allegation set forth above.

76.     Plaintiff brings this cause of action on behalf of himself and members of the California Subclass.

77.     Plaintiff and the subclass are "consumers," as the term is defined by California Civil Code § 1761(d).

Case No.

78.     Plaintiff and the subclass have engaged in "transactions" with Defendant as that term is defined by California Civil Code § 1761(e).

79.     The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

80.     As alleged more fully above, Defendant made and disseminated untrue and misleading statements of facts in its advertisements to subclass members.  Defendant did this by using fake regular prices, i.e., regular prices that are not the prevailing prices, and advertising fake discounts.

81.     Defendant violated, and continues to violate, Section 1770(a)(13) of the California Civil Code by making false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions on its website.  Defendant has violated Section 1770(a)(13) by (1) misrepresenting the regular price of Products on its website, (2) advertising discounts and savings that are exaggerated or nonexistent, (3) misrepresenting that the discounts and savings are unusually large, when in fact they are regularly available, and (4) misrepresenting the reason for the sale (e.g., "President's Day sale," when in fact the sale is ongoing and not limited to President's Day).

82.     Defendant violated, and continues to violate, Section 1770(a)(5) of the California Civil Code by representing that Products offered for sale on its website have characteristics or benefits that they do not have.  Defendant represents that the value of its Products is greater than it actually is by advertising inflated regular prices and fake discounts for the Products.

83.     Defendant violated, and continues to violate, Section 1770(a)(9) of the California Civil Code.  Defendant violates this by advertising its Products as being offered at a discount, when in fact Defendant does not intend to sell the Products at a discount.

Case No.

84.     Defendant's representations were likely to deceive, and did deceive, Plaintiff and reasonable consumers.  Defendant knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

85.     Defendant's misrepresentations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on them when purchasing the Wilsons Leather Product.  Defendant's misrepresentations were a substantial factor in Plaintiff's purchase decision.

86.     In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Wilsons Leather Products.

87.     Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the subclass.

88.     Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Wilsons Leather Products if they had known the discounts and/or regular prices were not real, and/or (b) they overpaid for the Products because the Products are sold at a price premium due to the misrepresentation.

89.     Accordingly, pursuant to California Civil Code § 1780(a)(2), Mr. Tafolla, on behalf of himself and all other members of the subclass, seeks injunctive relief.

90.     CLRA § 1782 NOTICE.  On February 15, 2023, a CLRA demand letter was sent to Defendant's Minnesota headquarters via certified mail (return receipt requested), that provided notice of Defendant's violations of the CLRA and demanded that Defendant correct the unlawful, unfair, false and/or deceptive practices alleged here. Defendant does not have a California headquarters.  If Defendant does not fully correct the problem for Plaintiff and for each member of the California Subclass within 30 days of receipt, Plaintiff and the California Subclass will seek all monetary relief allowed under the CLRA.

91.     A CLRA venue declaration is attached.

17

Case No.

**<u>Fourth Cause of Action</u>:**

**Violation of California's Unfair Competition Law**

**(By Plaintiff and the California Subclass)**

92.    Plaintiff incorporates each and every factual allegation set forth above.

93.    Plaintiff brings this cause of action on behalf of himself and members of the California Subclass.

94.    Defendant has violated California's Unfair Competition Law (UCL) by engaging in unlawful, fraudulent, and unfair conduct (i.e., violating each of the three prongs of the UCL).

***The Unlawful Prong***

95.    Defendant engaged in unlawful conduct by violating the CLRA and FAL, as alleged above and incorporated here.

***The Deceptive Prong***

96.    As alleged in detail above, Defendant's representations that its Products were on sale, that the sale was limited in time, that the Products had a specific regular price, and that the customers were receiving discounts were false and misleading.

97.    Defendant's representations were misleading to Plaintiff and other reasonable consumers.

98.    Plaintiff relied upon Defendant's misleading representations and omissions, as detailed above.

***The Unfair Prong***

99.    As alleged in detail above, Defendant committed "unfair" acts by falsely advertising that its Products were on sale, that the sale was limited in time, that the Products had a specific regular price, and that the customers were receiving discounts.

100.    Defendant violated established public policy by violating the CLRA and FAL, as alleged above and incorporated here.  The unfairness of this practice is tethered to a legislatively declared policy (that of the CLRA and FAL).

18

Case No.

101.   The harm to Plaintiff and the subclass greatly outweighs the public utility of Defendant's conduct.  There is no public utility to misrepresenting the price of a consumer product.  This injury was not outweighed by any countervailing benefits to consumers or competition.  Misleading consumer products only injure healthy competition and harm consumers.

102.   Plaintiff and the subclass could not have reasonably avoided this injury.  As alleged above, Defendant's representations were deceptive to reasonable consumers like Plaintiff.

103.   Defendant's conduct, as alleged above, was immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

* * *

104.   For all prongs, Defendant's representations were intended to induce reliance, and Plaintiff saw, read, and reasonably relied on them when purchasing the Wilsons Leather Product.  Defendant's representations were a substantial factor in Plaintiff's purchase decision.

105.   In addition, subclass-wide reliance can be inferred because Defendant's representations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy Wilsons Leather Products.

106.   Defendant's representations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and the subclass members.

107.   Plaintiff and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the Wilsons Leather Products if they had known that they were not discounted, and/or (b) they overpaid for the Products because the Products are sold at the regular price and not at a discount.

### Fifth Cause of Action:

### Breach of Contract

### (By Plaintiff and the Nationwide Class)

108.   Plaintiff incorporates each and every factual allegation set forth above.

19

Case No.

109.   Plaintiff brings this cause of action on behalf of himself and the Nationwide Class.  In the alternative, Plaintiff brings this cause of action on behalf of himself and the California Subclass.

110.   Plaintiff and class members entered into contracts with AMRG when they placed orders to purchase Products on Defendant's website.

111.   The contracts provided that Plaintiff and class members would pay AMRG for the Products ordered.

112.   The contracts further required that AMRG provides Plaintiff and class members with Products that have a market value equal to the regular prices displayed on the website.  They also required that AMRG provides Plaintiff and the class members with the discount advertised on the website.  These were specific and material terms of the contract.

113.   The specific discounts were a specific and material term of each contract, and were displayed to Plaintiff and class members at the time they placed their orders.

114.   Plaintiff and class members paid AMRG for the Products they ordered, and satisfied all other conditions of their contracts.

115.   AMRG breached the contracts with Plaintiff and class members by failing to provide Products that had a prevailing market value equal to the regular price displayed on its website, and by failing to provide the promised discount.  AMRG did not provide the discount that AMRG had promised.

116.   As a direct and proximate result of Defendant's breaches, Plaintiff and class members were deprived of the benefit of their bargained-for exchange, and have suffered damages in an amount to be established at trial.

<div align="center">

**<ins>Sixth Cause of Action</ins>:**

**Breach of Express Warranty**

**(By Plaintiff and the California Subclass)**

</div>

117.   Plaintiff incorporates each and every factual allegation set forth above.

Case No.

118.   Plaintiff brings this cause of action on behalf of himself and the California Subclass.

119.   Defendant, as the marketer, distributor, and/or seller of the Wilsons Leather Products, issued material, written warranties by advertising that the Products had a prevailing market value equal to the regular price displayed on Defendant's website. This was an affirmation of fact about the Products (i.e., a representation about the market value) and a promise relating to the goods.

120.   This warranty was part of the basis of the bargain and Plaintiff and members of the subclass relied on this warranty.

121.   In fact, the Wilsons Leather Products' stated market value was not the prevailing market value.  Thus, the warranty was breached.

122.   Plaintiff provided Defendant with notice of this breach of warranty, by mailing a notice letter to Defendant's headquarters, on February 15, 2023.

123.   Plaintiff and the subclass were injured as a direct and proximate result of Defendant's breach, and this breach was a substantial factor in causing harm, because (a) they would not have purchased Wilsons Leather Products if they had known that the warranty was false, or (b) they overpaid for the Products because the Products are sold at a price premium due to the warranty.

**Seventh Cause of Action:**

**Breach of Implied Warranty**

**(By Plaintiff and the California Subclass)**

124.   Plaintiff incorporates each and every factual allegation set forth above.

125.   Plaintiff brings this cause of action on behalf of himself and the California Subclass.

126.   As described in greater detail above, Defendant impliedly warranted that the Wilsons Leather Products had a market value equal to the regular price displayed on Defendant's website.

Case No.

127.   This warranty was part of the basis of the bargain and Plaintiff and members of the subclass relied on this warranty.

128.   In fact, the Wilsons Leather Products did not have a market value equal to the regular price displayed.  Thus, the warranty was breached.

129.   Plaintiff provided Defendant with notice of this breach of warranty, by mailing a notice letter to Defendant's headquarters, on February 15, 2023.

130.   Plaintiff and the subclass were injured as a direct and proximate result of Defendant's breach, and this breach was a substantial factor in causing harm, because (a) they would not have purchased Wilsons Leather Products if they had known the truth, or (b) they overpaid for the Products because the Products are sold at a price premium due to the warranty.

### Eighth Cause of Action:

### Quasi-Contract/Unjust Enrichment

### (By Plaintiff and the Nationwide Class)

131.   Plaintiff incorporates each and every factual allegation set forth above.

132.   Plaintiff brings this cause of action on behalf of himself and the Nationwide Class.  In the alternative, Plaintiff brings this claim on behalf of himself and the California Subclass.

133.   As alleged in detail above, Defendant's false and misleading advertising caused Plaintiff and the class to purchase Wilsons Leather Products and to pay a price premium for these Products.

134.   In this way, Defendant received a direct and unjust benefit, at Plaintiff's expense.

135.   Plaintiff and the class seek restitution.

### Ninth Cause of Action:

### Negligent Misrepresentation

### (By Plaintiff and the California Subclass)

136.   Plaintiff incorporates each and every factual allegation set forth above.

Case No.

137.   Plaintiff brings this cause of action on behalf of himself and the California Subclass.

138.   As alleged more fully above, Defendant made false representations and material omissions of fact to Plaintiff and California Subclass members concerning the existence and/or nature of the discounts and savings advertised on its website.

139.   These representations were false.

140.   When Defendant made these misrepresentations, it knew or should have known that they were false.  Defendant had no reasonable grounds for believing that these representations were true when made.

141.   Defendant intended that Plaintiff and California Subclass members rely on these representations and Plaintiff and subclass members read and reasonably relied on them.

142.   In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Wilsons Leather Products.

143.   Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and California Subclass members.

144.   Plaintiff and California Subclass members were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Wilsons Leather Products if they had known that the representations were false, and/or (b) they overpaid for the Products because the Products are sold at a price premium due to the misrepresentation.

### Tenth Cause of Action:

### Intentional Misrepresentation

### (By Plaintiff and the California Subclass)

145.   Plaintiff incorporates each and every factual allegation set forth above.

146.   Plaintiff brings this cause of action on behalf of himself and the California Subclass.

23

Case No.

147.   As alleged more fully above, Defendant made false representations and material omissions of fact to Plaintiff and California Subclass members concerning the existence and/or nature of the discounts and savings advertised on its website.

148.   These representations were false.

149.   When Defendant made these misrepresentations, it knew that they were false at the time that they made them and/or acted recklessly in making the misrepresentations.

150.   Defendant intended that Plaintiff and California Subclass members rely on these representations and Plaintiff and California Subclass members read and reasonably relied on them.

151.   In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Wilsons Leather Products.

152.   Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiff and California Subclass members.

153.   Plaintiff and California Subclass members were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Wilsons Leather Products if they had known that the representations were false, and/or (b) they overpaid for the Products because the Products are sold at a price premium due to the misrepresentation.

## VII.   Jury Trial Demand.

154.   Plaintiff demands the right to a jury trial on all claims so triable.

## VIII.   Relief.

155.   Plaintiff seeks the following relief for himself and the class and subclass:

- An order certifying the asserted claims, or issues raised, as a class action;
- A judgment in favor of Plaintiff and the proposed class and subclass;
- Damages, treble damages, and punitive damages where applicable;
- Restitution;
- Disgorgement, and other just equitable relief;

24

Case No.

- Pre- and post-judgment interest;
- An injunction prohibiting Defendant's deceptive conduct, as allowed by law;
- Reasonable attorneys' fees and costs, as allowed by law;
- Any additional relief that the Court deems reasonable and just.

Dated: March 7, 2023                          Respectfully submitted,

                                              By: */s/ Christin K. Cho*
                                              Christin K. Cho (Cal. Bar No. 238173)*
                                              christin@dovel.com
                                              Simon C. Franzini (Cal. Bar No. 287631)*
                                              simon@dovel.com
                                              DOVEL & LUNER, LLP
                                              201 Santa Monica Blvd., Suite 600
                                              Santa Monica, California 90401
                                              Telephone: (310) 656-7066
                                              Facsimile: (310) 656-7069

                                              *Admitted to the S.D. Cal. Bar.

                                              *Counsel for Plaintiff and Proposed Class*

25

Case No.