1  Christin K. Cho (Cal. Bar No. 238173)
2  christin@dovel.com
   Simon C. Franzini (Cal. Bar No. 287631)
3  simon@dovel.com
4  DOVEL & LUNER, LLP
   201 Santa Monica Blvd., Suite 600
5  Santa Monica, California 90401
   Telephone: (310) 656-7066
6  Facsimile: (310) 656-7069
7
8  *Counsel for Plaintiffs*
9
            **UNITED STATES DISTRICT COURT**
10          **SOUTHERN DISTRICT OF CALIFORNIA**
11
   DANIEL TAFOLLA and CHRISTAL            Case No. 3:23-cv-00419-BEN-KSC
12 ROBINSON,
13                                        **FIRST AMENDED CLASS**
   Individually and on Behalf of All      **ACTION COMPLAINT**
14 Others Similarly Situated,
15                                        **JURY TRIAL DEMANDED**
                              *Plaintiffs*,
16      v.
17
   AM RETAIL GROUP, INC.
18
                              *Defendant*.
19
20
21
22
23
24
25
26
27
28
                                          Case No. 3:23-cv-00419-BEN-KSC

## **Table of Contents**

I.    Introduction...................................................................................................1

II.   Parties..........................................................................................................4

III.  Jurisdiction and Venue. ...............................................................................4

IV.   Facts. ...........................................................................................................5

    A.   Defendant's fake sales and discounts........................................5

    B.   Defendant's advertisements are unfair, deceptive, and unlawful. .................9

    C.   Defendant's advertisements harm consumers. .............................10

    D.   Plaintiffs were misled by Defendant's misrepresentations. ..........................11

    E.   Defendant breached its contract. ...............................12

    F.   No adequate remedy at law. ...................................13

V.    Class Action Allegations. ............................................................13

VI.   Claims. .........................................................................................15

First Cause of Action: Violation of California's False Advertising Law, Bus. & Prof. Code §§ 17500 et. seq. .........................................15

Second Cause of Action: Violation of California's Consumer Legal Remedies Act ........................................16

Third Cause of Action: Violation of California's Unfair Competition Law...........19

Fourth Cause of Action: Breach of Contract....................................21

Fifth Cause of Action: Breach of Express Warranty.............................22

Sixth Cause of Action: Breach of Implied Warranty .............................22

Seventh Cause of Action: Quasi-Contract.....................................23

Eighth Cause of Action: Negligent Misrepresentation..............................24

Ninth Cause of Action: Intentional Misrepresentation..............................25

VII.  Jury Trial Demand. .............................................................25

VIII. Relief...................................................................................26

i

# I.    Introduction.

1.    Advertised "sale" prices are important to consumers.  Consumers are more likely to purchase an item if they know that they are getting a good deal.  Further, if consumers think that a sale will end soon, they are likely to buy now, rather than wait, comparison shop, and buy something else.

2.    While there is nothing wrong with a legitimate sale, a fake one—that is, one with made-up regular prices, made-up discounts, and made-up expirations—is deceptive and illegal.

3.    California's False Advertising Law prohibits businesses from making statements they know or should know to be untrue or misleading.  Cal. Bus. & Prof. Code § 17500.  This includes statements falsely suggesting that a product is on sale, when it actually is not.  Moreover, California's False Advertising Law specifically provides that "No price shall be advertised as a former price … unless the alleged former price was the prevailing market price … within three months next immediately preceding" the advertising.  Cal. Bus. & Prof. Code § 17501.

4.    Likewise, California's Consumer Legal Remedies Act prohibits "advertising goods or services with the intent not to sell them as advertised" and specifically prohibits "false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions."  Cal. Civ. Code § 1770(a)(9), (13).

5.    In addition, the Federal Trade Commission's regulations prohibit false or misleading "former price comparisons," for example, making up "an artificial, inflated price … for the purpose of enabling the subsequent offer of a large reduction" off that price.  16 C.F.R. § 233.1.  They also prohibit false or misleading "retail price comparisons" and "comparable value comparisons," for example, ones that falsely suggest that the seller is "offer[ing] goods at prices lower than those being charged by others for the same merchandise" when this is not the case.  16 C.F.R. § 233.1.

6.    So, as numerous courts have found, fake sales violate these laws.  They also violate California's general prohibition on unlawful, unfair and deceptive business practices.  *See* Cal. Bus. & Prof. Code § 17200.

7.    Defendant AM Retail Group, Inc. ("AMRG," or "Defendant") makes, sells, and markets clothing and accessories (the "Wilsons Leather Products" or "Products").  The Products are sold online through Defendant's website, WilsonsLeather.com.

8.    Defendant's website prominently advertises purportedly time-limited, sitewide sales.  These advertisements include purported regular prices, purported discounts, and purported end dates for the sales.  For example:





9.     In addition, for certain items, Defendant advertises purported discounts off regular prices.  These advertisements include a purported discount price in red, alongside a strike-out of a purported regular price:

10.     But these advertisements are false.  Defendant *always* offers sitewide discounts, as well as discounts on certain items, so they *never* sell any of their products at the purported regular price.  The sales are not limited in time, but instead immediately reset and continue to be available (albeit, in certain cases, with a different name).

3

11.     Plaintiffs Daniel Tafolla and Christal Robinson bought Wilsons Leather Products from AMRG on WilsonsLeather.com.  Like AMRG's other customers, when Plaintiffs bought these Products, AMRG advertised that a purported sale was going on, and that the Products were heavily discounted.  Plaintiffs believed that the Wilsons Leather Products that they purchased usually retailed for the displayed regular price. They further believed that they were getting a substantial discount from the regular price, and that the sale would end soon.  These reasonable beliefs are what caused them to buy from Defendant.  If they had known that the Products they purchased were not on sale, they would not have bought them.

12.     But none of that was true.  Defendant's published regular prices were not the prevailing regular prices.  The sale Defendant advertised was not really a time-limited sale.  Had Defendant been truthful, Plaintiffs and other consumers would not have purchased the Products or would have paid less for them.

13.     Plaintiffs bring this case for themselves and the other customers who purchased AMRG's Wilsons Leather Products.

## II.     Parties.

14.     Plaintiff Daniel Tafolla is domiciled in Oceanside, California.

15.     Plaintiff Christal Robinson is domiciled in Los Angeles, California.

16.     The proposed class includes citizens of every state.

17.     Defendant AM Retail Group, Inc. is a Delaware corporation with its principal place of business at 7225 Northland Drive North, Suite 310, Brooklyn Park, Minnesota 55428.

## III.     Jurisdiction and Venue.

18.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the matter is a class action in which one or more members of the proposed class are citizens of a state different from Defendant.

19.     The Court has personal jurisdiction over Defendant because Defendant

1   sold Wilsons Leather Products to consumers in California, including to Plaintiffs.

2       20.    Venue is proper under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(d)

3   because Defendant would be subject to personal jurisdiction in this District if this District

4   were a separate state, given that Defendant sold Wilsons Leather Products to consumers

5   in this District.  Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial

6   part of Defendant's conduct giving rise to the claims occurred in this District.

7   **IV.    Facts.**

8       **A.    Defendant's fake sales and discounts.**

9       21.    Defendant makes, sells, and markets clothing and accessories, such as

10  jackets and bags.  AMRG sells its Products directly to consumers online, through its

11  website, WilsonsLeather.com.

12      22.    Defendant's website creates an illusion that customers are receiving a

13  limited-time discount.  AMRG does this by advertising fake limited-time sales, fake

14  regular prices, and fake discounts based on the fake regular prices.  For example,

15  Defendant advertises purportedly time-limited "sitewide" sales where everything is

16  purportedly 25% or more off for a limited time:



Captured May 16, 2022

5

23.    But Wilsons Leather Products are always on sale, and these sales persist. For example, AMRG has prominently displayed, for over a year, a sitewide sale on its website.  These sales are designed to induce consumers to purchase its Products under the mistaken belief they are getting a significant bargain because they are buying while the sale is going on.  Example screen captures showing sitewide sales at various points throughout 2022 are shown below:



Captured June 21, 2022



Captured September 1, 2022

Case No. 3:23-cv-00419-BEN-KSC

1
2
3
4
5
6
7
8
9
10



Captured November 2, 2022

11    24.    These discounts appear to be only for a limited time, but in reality, they are

12  ongoing.  For example, as depicted below, as soon as the "35% Off Sitewide" discount

13  said to be "valid online thru 2/7/23 11:59 ET" expired, Defendant generated another

14  sitewide sale with a similar discount, except with a new "valid thru" date.

Captured January 26, 2023

Captured February 8, 2023

7

25.     Defendant's sitewide sales have persisted continuously since at least October 4, 2019.  Indeed, on 100 percent of the 84 archived snapshots of Defendant's site on archive.org between October 4, 2019, and March 1, 2023, Defendant was running a purportedly time-limited, sitewide discount of at least 25% every time that the website was crawled.[1]

26.     In addition, Defendant's website lists fake regular prices (that is, prices reflecting the list price or value of an item) and fake discounts.

27.     For example, on January 25, 2023, Defendant advertised "an Extra 35% off Sitewide" for its Products.  On this day, Defendant offered its Leslie Cropped Moto Jacket, which has a purported regular price of $295.00:





---

[1] The Internet Archive, available at archive.org, is a library that archives web pages.  https://archive.org/about/

Case No. 3:23-cv-00419-BEN-KSC

28.     But the truth is, the Leslie Cropped Moto Jacket's listed regular price of $295.00 is not its prevailing price.  Instead, it is always at a discount from the purported regular price of $295.00.  The jacket is always on sale for $245, even before applying any sitewide discount.[2]

29.     By listing fake regular prices and fake discounts, Defendant misleads consumers into believing that they are getting a good deal.

**B.     Defendant's advertisements are unfair, deceptive, and unlawful.**

30.     California's False Advertising Law prohibits businesses from making statements they know or should know to be untrue or misleading.  Cal. Bus. & Prof. Code § 17500.  This includes statements falsely suggesting that a product is on sale, when it actually is not.  Moreover, California's False Advertising Law specifically provides that "no price shall be advertised as a former price … unless the alleged former price was the prevailing market price … within three months next immediately preceding" the advertising.  Cal. Bus. & Prof. Code § 17501.

31.     In addition, California's Consumer Legal Remedies Act prohibits "advertising goods or services with the intent not to sell them as advertised" and specifically prohibits "false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions."  Cal. Civ. Code § 1770(a)(9), (13).

32.     In addition, the Federal Trade Commission's regulations prohibit false or misleading "former price comparisons," for example, making up "an artificial, inflated price … for the purpose of enabling the subsequent offer of a large reduction" off that price.  16 C.F.R. § 233.1.  They also prohibit false or misleading "retail price comparisons" and "comparable value comparisons," for example, ones that falsely suggest that the seller is "offer[ing] goods at prices lower than those being charged by others for the same merchandise" when this is not the case.  16 C.F.R. § 233.1.

---

[2] For example, the jacket was discounted to $245, from a regular price of $295, each time that the website was checked, including on February 17, 21, 22, 23, 24, 27, 28, and March 1, 6, 15, 20, 21, 22, and 23, 2023.

33.     And finally, California's Unfair Competition Law bans unlawful, unfair and deceptive business practices.  *See* Cal. Bus. & Prof. Code § 17200.

34.     Here, as described in detail above, Defendant made untrue and misleading statements about its prices.  Defendant advertised former prices that were not true former prices and were not the prevailing market price in the three months immediately preceding the advertisement.  In addition, Defendant advertised goods or services with the intent not to sell them as advertised, for example, by advertising goods having certain former prices and/or market values without the intent to sell goods having those former prices and/or market values.  Defendant made false or misleading statements of fact concerning the reasons for, existence of, and amounts of price reductions, including false statements regarding the reasons for its sitewide sales (e.g., advertising a seasonal "President's Day Sale," when in fact the sale is ongoing), the existence of sitewide sales and sales of individual items, and the amounts of price reductions resulting from those sales.  And Defendant engaged in unlawful, unfair, and deceptive business practices.

## C.     Defendant's advertisements harm consumers.

35.     Based on Defendant's advertisements, reasonable consumers would expect that the listed regular prices are former prices at which Defendant actually sells its Products, and are the prevailing prices for the Products.

36.     Reasonable consumers would also expect that, if they purchase during the sale, they will receive an item whose regular price and/or market value is the advertised regular price and that they will receive the advertised discount from the regular purchase price.

37.     In addition, consumers are more likely to buy the product if they believe that the product is on sale and that they are getting a product with a higher regular price and/or market value at a substantial discount.

38.     Consumers that are presented with discounts are substantially more likely to make the purchase.  "Nearly two-thirds of consumers surveyed admitted that a promotion or a coupon often closes the deal, if they are wavering or are undecided on making a

purchase."[3]  And, "two-thirds of consumers have made a purchase they weren't originally planning to make solely based on finding a coupon or discount," while "80% [of consumers] said they feel encouraged to make a first-time purchase with a brand that is new to them if they found an offer or discount."[4]

39.     Similarly, when consumers believe that an offer is expiring soon, the sense of urgency makes them more likely to buy a product.[5]

40.     Thus, Defendant's advertisements harm consumers by inducing them to make purchases based on false information.

**D.      Plaintiffs were misled by Defendant's misrepresentations.**

41.     In or around November 2021, Mr. Tafolla purchased a Wilsons Leather jacket from Defendant.  He purchased the jacket from Defendant's website, WilsonsLeather.com, while living in Oceanside, California.  The website represented that he was receiving a substantial discount off of the regular price for the item that he ordered.

42.     In December 2019, Ms. Robinson purchased a Wilsons Leather jacket from Defendant.  She purchased the jacket from Defendant's website, WilsonsLeather.com, while living in Los Angeles, California.  Defendant represented that the regular price of the Product was $180 plus tax, and that Ms. Robinson's discounted price was $54.99 plus tax.  This was due to two purported discounts: first, Defendant represented that the jacket was discounted from a regular price of $180 plus tax to $99.99 plus tax; and second,

---

[3] https://www.invespcro.com/blog/how-discounts-affect-online-consumer-buying-behavior/.

[4] RetailMeNot Survey: Deals and Promotional Offers Drive Incremental Purchases Online, Especially Among Millennial Buyers (prnewswire.com).

[5] https://cxl.com/blog/creating-urgency/ (addition of a countdown timer increased conversion rates from 3.4%-10%); Dynamic email content leads to 400% increase in conversions for Black Friday email | Adestra (uplandsoftware.com) (400% higher conversation rate for ad with countdown timer).

11

Case No. 3:23-cv-00419-BEN-KSC

Defendant represented that Ms. Robinson was receiving a further discount of 45% off, as a result of a sitewide discount, resulting in an additional $45 off.

43.     Plaintiffs read and relied on the representations on the website that the Products had the published regular price and that this was their market value, and that they were receiving the advertised discounts as compared to the regular price.  They would not have made the purchases if they had known that the Products were not discounted as advertised, and that they were not receiving the advertised discounts.

44.     Plaintiffs face an imminent threat of future harm.  Plaintiffs would purchase Products again if they could feel sure that Defendant would not illegally deceive them. But without an injunction, they cannot trust that Defendant will comply with the consumer protection statutes.  Accordingly, Plaintiffs are unable to rely on Defendant's advertising in the future, and so cannot purchase products they would like to.

**E.     Defendant breached its contract.**

45.     When Plaintiffs purchased and paid for the Wilsons Leather Products they bought as described above, they accepted offers that Defendant made, and thus, contracts were formed at the time that they made the purchases.  The offer was to provide Products having a particular listed regular price and market value, and to provide that Product at the discounted price advertised on the website.

46.     For example, for Ms. Robinson, the offer was to provide a jacket having a regular price and market value of $180, for a discounted price of $54.99 plus tax, and to provide a discount of $125.01 off of the regular price.

47.     Each Plaintiff and AMRG entered a contract.

48.     The regular price and market value of the Products Plaintiffs would receive, and the amount of the discounts that they would be provided off the regular prices of the items, were specific and material terms of the contracts.

49.     Plaintiffs performed their obligations under the contract by providing Defendant with the discounted price.

50.     Defendant breached its contracts by failing to provide Plaintiffs with Products with market values equal to the regular prices displayed on its website, and by failing to provide the discounts promised.

**F.     No adequate remedy at law.**

51.     Plaintiffs seek damages and, in the alternative, restitution.  Plaintiffs are permitted to seek equitable remedies in the alternative because they have no adequate remedy at law.

52.     A legal remedy is not adequate if it is not as certain as an equitable remedy.  The elements of Plaintiffs' equitable claims are different and do not require the same showings as Plaintiffs' legal claims.  For example, to obtain damages under the CLRA, a plaintiff must show that they complied with the CLRA's notice requirement for damages.  No such requirements exist to obtain restitution.  Because a plaintiff must make this additional showing to obtain damages, rather than restitution, the legal remedies are more uncertain.  In addition, the remedies at law available to Plaintiffs are not equally prompt or otherwise efficient.  The need to schedule a jury trial may result in delay.  And a jury trial will take longer, and be more expensive, than a bench trial.

**V.     Class Action Allegations.**

53.     Plaintiffs bring the asserted claims on behalf of the proposed class of:

- <u>Nationwide Class</u>: all persons who, within the applicable statute of limitations period, purchased one or more Wilsons Leather Products advertised at a discount on Defendant's website.

- <u>California Subclass</u>: all persons who, while in the state of California and within the applicable statute of limitations period, purchased one or more Wilsons Leather Products advertised at a discount on Defendant's website.

54.     The following people are excluded from the proposed class: (1) any Judge or Magistrate Judge presiding over this action and the members of their family; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current

employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiffs' counsel and Defendant's counsel, and their experts and consultants; and (6) the legal representatives, successors, and assigns of any such excluded persons.

### Numerosity & Ascertainability

55.   The proposed class contains members so numerous that separate joinder of each member of the class is impractical.  There are tens or hundreds of thousands of class members.

56.   Class members can be identified through Defendant's sales records and public notice.

### Predominance of Common Questions

57.   There are questions of law and fact common to the proposed class. Common questions of law and fact include, without limitation:

(1) whether Defendant made false or misleading statements of fact in its advertisements;

(2) whether Defendant violated California's consumer protection statutes;

(3) whether Defendant committed a breach of contract;

(4) whether Defendant committed a breach of an express or implied warranty;

(5) damages needed to reasonably compensate Plaintiffs and the proposed class.

### Typicality & Adequacy

58.   Plaintiffs' claims are typical of the proposed class.  Like the proposed class, Plaintiffs purchased the Wilsons Leather Products advertised at a discount on Defendant's website.  There are no conflicts of interest between Plaintiffs and the class.

### Superiority

59.   A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical.  It would be unduly burdensome to have individual litigation of millions of

14

Case No. 3:23-cv-00419-BEN-KSC

individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

**VI.     Claims.**

<u>**First Cause of Action**</u>:

**Violation of California's False Advertising Law, Bus. & Prof. Code §§ 17500 et. seq.**

**(By Plaintiffs and the California Subclass)**

60.     Plaintiffs incorporate each and every factual allegation set forth above.

61.     Plaintiffs bring this cause of action on behalf of themselves and members of the California Subclass.

62.     Defendant has violated Sections 17500 and 17501 of the Business and Professions Code.

63.     As alleged more fully above, Defendant advertises former prices on its website along with discounts.  Defendant does this, for example, by crossing out a higher price (e.g., ~~$295.00~~) and displaying it next to the discount price.  Defendant also does this by publishing a purported regular price (e.g., $295.00), and stating that a discount will be provided during the sale (e.g., "Take 30% OFF," or publishing a "Discount" with a specific discount amount).

64.     The prices advertised as former prices by Defendant were not the true former prices of the Products.  Accordingly, Defendant's statements about the former prices of its products were untrue and misleading.

65.     In addition, Defendant's former price advertisements did not state clearly, exactly, and conspicuously when, if ever, the former prices prevailed.  Defendant's advertisements did not indicate whether or when the purported former prices were offered at all.

66.     As a result, Defendant violated, and continues to violate, Sections 17500 and 17501 to induce Plaintiffs and the subclass to make purchases on its website based on the advertised former prices.

15

67.     Defendant's misrepresentations were intended to induce reliance, and Plaintiffs saw, read, and reasonably relied on the statements when purchasing Defendant's Products.  Defendant's misrepresentations were a substantial factor in Plaintiffs' purchase decisions.

68.     In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Wilsons Leather Products.

69.     Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiffs and the subclass.

70.     Plaintiffs and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Wilsons Leather Products if they had known the truth, and/or (b) they overpaid for the Products because the Wilsons Leather Products were sold at a price premium due to the misrepresentation.

## Second Cause of Action:

## Violation of California's Consumer Legal Remedies Act

## (By Plaintiffs and the California Subclass)

71.     Plaintiffs incorporate each and every factual allegation set forth above.

72.     Plaintiffs bring this cause of action on behalf of themselves and members of the California Subclass.

73.     Plaintiffs and the subclass are "consumers," as the term is defined by California Civil Code § 1761(d).

74.     Plaintiffs and the subclass have engaged in "transactions" with Defendant as that term is defined by California Civil Code § 1761(e).

75.     The conduct alleged in this Complaint constitutes unfair methods of competition and unfair and deceptive acts and practices for the purpose of the CLRA, and the conduct was undertaken by Defendant in transactions intended to result in, and which did result in, the sale of goods to consumers.

Case No. 3:23-cv-00419-BEN-KSC

76.     As alleged more fully above, Defendant made and disseminated untrue and misleading statements of facts in its advertisements to subclass members.  Defendant did this by using fake regular prices, i.e., regular prices that are not the prevailing prices, and advertising fake discounts.

77.     Defendant violated, and continues to violate, Section 1770(a) of the California Civil Code.

78.     Defendant violated, and continues to violate, Section 1770(a)(5) of the California Civil Code by representing that Products offered for sale on its website have characteristics or benefits that they do not have.  Defendant represents that the value of its Products is greater than it actually is by advertising inflated regular prices and fake discounts for the Products.

79.     Defendant violated, and continues to violate, Section 1770(a)(9) of the California Civil Code.  Defendant violates this by advertising its Products as being offered at a discount, when in fact Defendant does not intend to sell the Products at a discount.

80.     And Defendant violated, and continues to violate section 1770(a)(13) by making false or misleading statements of fact concerning reasons for, existence of, or amounts of, price reductions on its website, including by (1) misrepresenting the regular price of Products on its website, (2) advertising discounts and savings that are exaggerated or nonexistent, (3) misrepresenting that the discounts and savings are unusually large, when in fact they are regularly available, and (4) misrepresenting the reason for the sale (e.g., "President's Day sale," when in fact the sale is ongoing and not limited to President's Day).

81.     Defendant's representations were likely to deceive, and did deceive, Plaintiffs and reasonable consumers.  Defendant knew, or should have known through the exercise of reasonable care, that these statements were inaccurate and misleading.

82.     Defendant's misrepresentations were intended to induce reliance, and Plaintiffs saw, read, and reasonably relied on them when purchasing the Wilsons Leather

17

Product.  Defendant's misrepresentations were a substantial factor in Plaintiffs' purchase decisions.

83.    In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Wilsons Leather Products.

84.    Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiffs and the subclass.

85.    Plaintiffs and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Wilsons Leather Products if they had known the discounts and/or regular prices were not real, and/or (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation.

86.    Accordingly, pursuant to California Civil Code § 1780(a)(2), Plaintiffs, on behalf of themselves and all other members of the subclass, seek injunctive relief.

87.    CLRA § 1782 NOTICE.  On February 15, 2023, Mr. Tafolla sent a CLRA demand letter to Defendant's Minnesota headquarters via certified mail (return receipt requested), that provided notice of Defendant's violations of the CLRA on behalf of Mr. Tafolla and the class and demanded that Defendant correct the unlawful, unfair, false and/or deceptive practices alleged here.  On March 23, 2023, Ms. Robinson sent a second CLRA demand letter to Defendant's Minnesota headquarters via certified mail (return receipt requested), that again provided notice of Defendant's violations of the CLRA on behalf of Ms. Robinson and the class and demanded that Defendant correct the unlawful, unfair, false and/or deceptive practices alleged here.  Defendant does not have a California headquarters.  If Defendant does not fully correct the problem for Plaintiffs and for each member of the California Subclass within 30 days of receipt of Ms. Robison's letter, Plaintiffs and the California Subclass will seek all monetary relief allowed under the CLRA.

88.    Plaintiffs' CLRA venue declarations are attached.

**Third Cause of Action:**

**Violation of California's Unfair Competition Law**

**(By Plaintiffs and the California Subclass)**

89.    Plaintiffs incorporate each and every factual allegation set forth above.

90.    Plaintiffs bring this cause of action on behalf of themselves and members of the California Subclass.

91.    Defendant has violated California's Unfair Competition Law (UCL) by engaging in unlawful, fraudulent, and unfair conduct (i.e., violating each of the three prongs of the UCL).

*The Unlawful Prong*

92.    Defendant engaged in unlawful conduct by violating the CLRA and FAL, as alleged above and incorporated here.  In addition, Defendant engaged in unlawful conduct by violating the FTCA.  The FTCA prohibits "unfair or deceptive acts or practices in or affecting commerce" and prohibits the dissemination of false advertisements.  15 U.S.C. § 45(a)(1), 15 U.S.C. § 52(a).  As the FTC's regulations make clear, Defendant's false pricing schemes violate the FTCA.  16 CFR § 233.1, § 233.2.

*The Deceptive Prong*

93.    As alleged in detail above, Defendant's representations that its Products were on sale, that the sale was limited in time, that the Products had a specific regular price, and that customers were receiving discounts were false and misleading.

94.    Defendant's representations were misleading to Plaintiffs and other reasonable consumers.

95.    Plaintiffs relied upon Defendant's misleading representations and omissions, as detailed above.

*The Unfair Prong*

96.    As alleged in detail above, Defendant committed "unfair" acts by falsely advertising that its Products were on sale, that the sale was limited in time, that the Products had a specific regular price, and that customers were receiving discounts.

19

97.     Defendant violated established public policy by violating the CLRA, the FAL, and the FTCA, as alleged above and incorporated here.  The unfairness of this practice is tethered to a legislatively declared policy (that of the CLRA and FAL).

98.     The harm to Plaintiffs and the subclass greatly outweighs the public utility of Defendant's conduct.  There is no public utility to misrepresenting the price of a consumer product.  This injury was not outweighed by any countervailing benefits to consumers or competition.  Misleading consumer products only injure healthy competition and harm consumers.

99.     Plaintiffs and the subclass could not have reasonably avoided this injury.  As alleged above, Defendant's representations were deceptive to reasonable consumers like Plaintiffs.

100.    Defendant's conduct, as alleged above, was immoral, unethical, oppressive, unscrupulous, and substantially injurious to consumers.

* * *

101.    For all prongs, Defendant's representations were intended to induce reliance, and Plaintiffs saw, read, and reasonably relied on them when purchasing the Wilsons Leather Products.  Defendant's representations were a substantial factor in Plaintiffs' purchase decisions.

102.    In addition, subclass-wide reliance can be inferred because Defendant's representations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy Wilsons Leather Products.

103.    Defendant's representations were a substantial factor and proximate cause in causing damages and losses to Plaintiffs and the subclass members.

104.    Plaintiffs and the subclass were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased the Wilsons Leather Products if they had known that they were not discounted, and/or (b) they overpaid for the Products because the Products were sold at the regular price and not at a discount.

Case No. 3:23-cv-00419-BEN-KSC

**Fourth Cause of Action:**

**Breach of Contract**

**(By Plaintiffs and the Nationwide Class)**

105.   Plaintiffs incorporate each and every factual allegation set forth above.

106.   Plaintiffs bring this cause of action on behalf of themselves and the Nationwide Class.  In the alternative, Plaintiffs bring this cause of action on behalf of themselves and the California Subclass.

107.   Plaintiffs and class members entered into contracts with AMRG when they placed orders to purchase Products on Defendant's website.

108.   The contracts provided that Plaintiffs and class members would pay AMRG for the Products ordered.

109.   The contracts further required that AMRG provides Plaintiffs and class members with Products that have a former price, and a market value, equal to the regular price displayed on the website.  They also required that AMRG provides Plaintiffs and the class members with the discount advertised on the website.  These were specific and material terms of the contracts.

110.   The specific discounts were a specific and material term of each contract, and were displayed to Plaintiffs and class members at the time they placed their orders.

111.   Plaintiffs and class members paid AMRG for the Products they ordered, and satisfied all other conditions of their contracts.

112.   AMRG breached the contracts with Plaintiffs and class members by failing to provide Products that had a prevailing market value equal to the regular price displayed on its website, and by failing to provide the promised discounts.  AMRG did not provide the discounts that AMRG had promised.

113.   As a direct and proximate result of Defendant's breaches, Plaintiffs and class members were deprived of the benefit of their bargained-for exchange, and have suffered damages in an amount to be established at trial.

**Fifth Cause of Action:**

**Breach of Express Warranty**

**(By Plaintiffs and the California Subclass)**

114.   Plaintiffs incorporate each and every factual allegation set forth above.

115.   Plaintiffs bring this cause of action on behalf of themselves and the California Subclass.

116.   Defendant, as the marketer, distributor, and/or seller of the Wilsons Leather Products, issued material, written warranties by advertising that the Products had a prevailing market value equal to the regular price displayed on Defendant's website. This was an affirmation of fact about the Products (i.e., a representation about the market value) and a promise relating to the goods.

117.   This warranty was part of the basis of the bargain and Plaintiffs and members of the subclass relied on this warranty.

118.   In fact, the Wilsons Leather Products' stated market value was not the prevailing market value.  Thus, the warranty was breached.

119.   Plaintiff Tafolla provided Defendant with notice of this breach of warranty, by mailing a notice letter to Defendant's headquarters, on February 15, 2023.

120.   Plaintiff Robinson provided Defendant with notice of this breach of warranty, by mailing a notice letter to Defendant's headquarters, on March 23, 2023.

121.   Plaintiffs and the subclass were injured as a direct and proximate result of Defendant's breach, and this breach was a substantial factor in causing harm, because (a) they would not have purchased Wilsons Leather Products if they had known that the warranty was false, or (b) they overpaid for the Products because the Products were sold at a price premium due to the warranty.

**Sixth Cause of Action:**

**Breach of Implied Warranty**

**(By Plaintiffs and the California Subclass)**

122.   Plaintiffs incorporate each and every factual allegation set forth above.

22

123.   Plaintiffs bring this cause of action on behalf of themselves and the California Subclass.

124.   As described in greater detail above, Defendant impliedly warranted that the Wilsons Leather Products had a market value equal to the regular price displayed on Defendant's website.

125.   This warranty was part of the basis of the bargain and Plaintiffs and members of the subclass relied on this warranty.

126.   In fact, the Wilsons Leather Products did not have a market value equal to the regular price displayed.  Thus, the warranty was breached.

127.   Plaintiff Tafolla provided Defendant with notice of this breach of warranty, by mailing a notice letter to Defendant's headquarters, on February 15, 2023.

128.   Plaintiff Robinson provided Defendant with notice of this breach of warranty, by mailing a notice letter to Defendant's headquarters, on March 23, 2023.

129.   Plaintiffs and the subclass were injured as a direct and proximate result of Defendant's breach, and this breach was a substantial factor in causing harm, because (a) they would not have purchased Wilsons Leather Products if they had known the truth, or (b) they overpaid for the Products because the Products were sold at a price premium due to the warranty.

## Seventh Cause of Action:

### Quasi-Contract

### (By Plaintiffs and the Nationwide Class)

130.   Plaintiffs incorporate each and every factual allegation set forth above.

131.   Plaintiffs bring this cause of action on behalf of themselves and the Nationwide Class.  In the alternative, Plaintiffs bring this claim on behalf of themselves and the California Subclass.

132.   As alleged in detail above, Defendant's false and misleading advertising caused Plaintiffs and the class to purchase Wilsons Leather Products and to pay a price premium for these Products.

23

133.   In this way, Defendant received a direct and unjust benefit, at Plaintiffs' expense.

134.   Plaintiffs and the class seek restitution.

**Eighth Cause of Action:**

**Negligent Misrepresentation**

**(By Plaintiffs and the California Subclass)**

135.   Plaintiffs incorporate each and every factual allegation set forth above.

136.   Plaintiffs bring this cause of action on behalf of themselves and the California Subclass.

137.   As alleged more fully above, Defendant made false representations and material omissions of fact to Plaintiffs and California Subclass members concerning the existence and/or nature of the discounts and savings advertised on its website.

138.   These representations were false.

139.   When Defendant made these misrepresentations, it knew or should have known that they were false.  Defendant had no reasonable grounds for believing that these representations were true when made.

140.   Defendant intended that Plaintiffs and California Subclass members rely on these representations and Plaintiffs and subclass members read and reasonably relied on them.

141.   In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Wilsons Leather Products.

142.   Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiffs and California Subclass members.

143.   Plaintiffs and California Subclass members were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Wilsons Leather Products if they had known that the representations were false, and/or

Case No. 3:23-cv-00419-BEN-KSC

(b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation.

## Ninth Cause of Action:

### Intentional Misrepresentation

### (By Plaintiffs and the California Subclass)

144.   Plaintiffs incorporate each and every factual allegation set forth above.

145.   Plaintiffs bring this cause of action on behalf of themselves and the California Subclass.

146.   As alleged more fully above, Defendant made false representations and material omissions of fact to Plaintiffs and subclass members concerning the existence and/or nature of the discounts and savings advertised on its website.

147.   These representations were false.

148.   When Defendant made these misrepresentations, it knew that they were false at the time that they made them and/or acted recklessly in making the misrepresentations.

149.   Defendant intended that Plaintiffs and subclass members rely on these representations and Plaintiffs and subclass members read and reasonably relied on them.

150.   In addition, subclass-wide reliance can be inferred because Defendant's misrepresentations were material, i.e., a reasonable consumer would consider them important in deciding whether to buy the Wilsons Leather Products.

151.   Defendant's misrepresentations were a substantial factor and proximate cause in causing damages and losses to Plaintiffs and subclass members.

152.   Plaintiffs and subclass members were injured as a direct and proximate result of Defendant's conduct because (a) they would not have purchased Wilsons Leather Products if they had known that the representations were false, and/or (b) they overpaid for the Products because the Products were sold at a price premium due to the misrepresentation.

## VII.   Jury Trial Demand.

153.   Plaintiffs demand the right to a jury trial on all claims so triable.

Case No. 3:23-cv-00419-BEN-KSC

## VIII. Relief.

154. Plaintiffs seek the following relief for themselves and the class and subclass:

- An order certifying the asserted claims, or issues raised, as a class action;
- A judgment in favor of Plaintiffs and the proposed class and subclass;
- Damages, treble damages, and punitive damages where applicable;
- Restitution;
- Disgorgement, and other just equitable relief;
- Pre- and post-judgment interest;
- An injunction prohibiting Defendant's deceptive conduct, as allowed by law;
- Reasonable attorneys' fees and costs, as allowed by law;
- Any additional relief that the Court deems reasonable and just.

Dated: March 27, 2023                  Respectfully submitted,

By: */s/ Christin K. Cho*
Christin K. Cho (Cal. Bar No. 238173)*
christin@dovel.com
Simon C. Franzini (Cal. Bar No. 287631)*
simon@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: (310) 656-7069

*Admitted to the S.D. Cal. Bar.

*Counsel for Plaintiffs*